■ Hoy H. Porter, Doing Business as Porter & Tracy, Respondent, v. Samfred Realty Corporation, Appellant.— Appeal from a judgment entered on a verdict directed by the court at Trial Term, Supreme Court, Albany County. In this action for brokerage commission on the rental of real property the plaintiff has had judgment on a directed verdict. We are of opinion that triable issues of fact exist which should go to a jury. Defendant owned a tract of land in Albany and plaintiff was retained, in the words of the complaint, "to secure for defendant a tenant for certain store space in a building to be constructed by defendant". Through plaintiff's efforts a tenant was procured and a lease signed; but the lease provided that defendant must not only build a store for the lessee's use, but also build a shopping center of certain proportions. It further provided that the lessee had the right not to enter into possession and to prevent the "term of this lease" from commencing, until one other store of at least 40,000 square feet was leased to and "ready for occupancy for selling use" by a department store "or nationally recognized variety store" and required that such other lease contain certain enumerated conditions. Defendant was unable to obtain such an additional tenant although there is proof it made diligent efforts in this direction; it accordingly did not commence the erection of the shopping center; and, exercising its privilege, the lessee cancelled. There are, of course, brokerage agreements under which the commission is earned when the purchaser ready to meet the owner's terms is produced; and this is the usual course of brokerage contracts. But a brokerage contract may depend upon a result much more complete than merely getting the parties to agree to a lease. For example, in *Condict* v. *Cowdrey* (139 N. Y. 273) an actual sale was held the condition of brokerage recovery. Right to commission may sometimes depend on an actual closing of title (*S. & R. Greene, Inc.* v. *Hattie Realty Corp.*, 255 N. Y. 578; *Amies* v. *Wesnofske*, 255 N. Y. 156). Plaintiff here shows his retention as a broker in broad generalities. He testified defendant's officer asked him to act in "leasing some land" and that defendant would be "interested in building a building on the land" and would be "very glad" to have plaintiff "attempt to secure a tenant" for such a building. There was no written brokerage agreement and it seems to us to be a fair question of fact whether such an agreement of brokerage contemplated an intent by the parties that a commission would be due on the mere signing of any lease, even one which was so contingent as to depend on the obtaining of another tenant and the construction of a shopping center rather than "a building", which plaintiff and defendant's officer first talked about; or whether in such circumstances the intention of the parties was that no obligation to pay commissions was to accrue if, despite reasonable efforts by defendant it was not possible to get the required additional tenant for the shopping center. Some light is cast on the nature of this brokerage problem in the discussion in both majority and minority opinions in *Wiesenberger* v. *Mayers* (281 App. Div. 171). But even if it might be determined by the jury on the facts that the discussions between the parties which evidenced their original agreement of brokerage contemplated an accrued obligation to pay commissions on the mere signing of the lease, we are of opinion that there then would remain on this record the further question of fact whether that agreement had been modified by the subsequent understanding and arrangement of the parties. Defendant's officer testified that when the negotiations between defendant and the lessee broadened out to embrace building of a shopping center rather than a store for the lessee and also the necessity of getting at least one important tenant for it, the parties agreed in effect there would be no commissions unless the proposed lessor became bound unconditionally to occupy. This was denied by

plaintiff. It is an issue of fact which if resolved against plaintiff would entitle defendant to a verdict since it would have constituted a modification of the original agreement. Judgment reversed on the law and the facts and a new trial ordered, with costs to abide the event. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.